# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 11-47V
Filed: February 25, 2014

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
YANPING XU, Natural Father, and      *
QIUYUE YU, Natural Mother, of        *
KYLE XU, a minor,                    *
                                     *      Attorney Fees and Costs.
              Petitioners,           *
v.                                   *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

Kathy Ann Lee, Cline, Farrell, et al., Indianapolis, IN, for petitioners.
Jennifer L. Reynaud, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision on August 26, 2013 that awarded compensation pursuant to the parties' joint stipulation. On February 24, 2014, the parties filed a stipulation for attorney fees and costs. The stipulation indicates that respondent does not object to the amount petitioner is requesting. Additionally, pursuant to General Order #9, the stipulation notes that petitioners incurred no personal litigation costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

  I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total $60,000.00[3] in the form of a check payable jointly to petitioners and petitioners' counsel of record, Kathy A. Lee, for petitioners' attorney fees and costs.**

  The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                <u>**s/ Denise K. Vowell**</u>
                **Denise K. Vowell**
                Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).